**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEPHEN D. SEXTON,

      Petitioner-Appellant,

v.

DAVID MCKUNE, Warden, Lansing
Correctional Facility; STEPHEN N.
SIX, Attorney General of Kansas,

      Respondents-Appellees.

No. 08-3329

(D.C. No. 08-CV-3208-SAC)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY, ANDERSON,** and **BRISCOE**, Circuit Judges.

---

Stephen D. Sexton, a Kansas state prisoner appearing pro se,[1] seeks a certificate of appealability ("COA") in order to challenge the district court's denial of his 28 U.S.C. § 2254 application for federal habeas relief. Because Sexton has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1] As he is proceeding pro se, we have construed Sexton's pleadings liberally. Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004).

I

Sexton was tried by jury and found guilty of second-degree murder. Sexton was sentenced to a term of imprisonment of 15 years to life. The Kansas Supreme Court affirmed the conviction on December 9, 1994. State v. Sexton, 886 P.2d 811 (Kan. 1994).

Sexton filed an action for post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507 on December 14, 1995. The state district court denied relief, and the Kansas Court of Appeals affirmed. Sexton v. State, 969 P.2d 262 (Kan. App. 1998) (unpublished table decision). It does not appear that Sexton sought review of this decision by the Kansas Supreme Court.[2]

Seven years later, in January 2006, Sexton filed a second action for post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507. That action was dismissed as successive in March 2006, and the Kansas Court of Appeals affirmed in December 2007. The Kansas Supreme Court denied review in May 2008.

On August 15, 2008, Sexton filed his § 2254 habeas petition with the federal district court. The district court issued an order on August 26, 2008, requesting that Sexton show cause why the court should not dismiss his petition as untimely because of the one-year limitation period applicable to § 2254

---

[2] We need not reach the matter of procedural default due to Sexton's failure to seek review by the Kansas Supreme Court. The petition's untimeliness alone is a sufficient reason for dismissal.

petitions. Sexton responded, arguing that the statute of limitation should be equitably tolled because (1) his attorney had provided ineffective assistance of counsel; (2) he had limited access to the prison library; (3) he was not assisted by a lawyer, or any other legal service for prisoners, in preparing his § 2254 petition; (4) he is unfamiliar with the legal system and was not informed of the one-year limitation deadline; and (5) he is actually innocent.

The district court concluded that Sexton had not demonstrated the "rare and exceptional circumstances" required for equitable tolling, Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), particularly in light of Sexton's "failure to commence any action between September 1998 and January 2006 [which] supports a conclusion that he has not diligently pursued his claims." Order of Oct. 8, 2008 ("Order") at 4 (Doc. 7) (citing Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003) ("[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims.")).

The district court determined that Sexton had previously raised his ineffective assistance of counsel claim in his first action for state post-conviction relief, and thus it was not subject to equitable tolling. Order at 3. Sexton's limited access to the prison law library did not warrant equitable tolling where he failed show how the lack of access caused the delay in filing. Order at 4 (citing Marsh v. Soares, 223 F.3d 1217, 1221 (10th Cir. 2000)). Sexton's pro se status

3

and his unfamiliarity with the legal system and the one-year limitation period also did not provide a basis for equitable tolling. Order at 4 (citing <u>Marsh</u>, 223 F.3d at 1220). Sexton's claim of actual innocence did not provide a basis for equitable tolling because it was not supported by new evidence, much less new evidence that makes it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Order at 3-4 (citing <u>House v. Bell</u>, 547 U.S. 518, 537 (2006)). Sexton's petition was dismissed by the district court as time-barred.

Sexton subsequently filed pleadings that the district court construed as a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment dismissing Sexton's § 2254 petition. On December 15, 2008, the district court denied the motion for essentially the same reasons as set forth in the October 8, 2008, Order. (Doc. 16.) The court also denied Sexton a COA. Sexton has since filed a timely notice of appeal, as well as an application for a COA.

II

Issuance of a COA is jurisdictional. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that

4

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).

III

Sexton seeks a COA with respect to the issues raised in his federal habeas petition. For the reasons that follow, we conclude that he has failed to satisfy the standards for issuance of a COA because his petition is time-barred.

Section 2254 petitions have a one-year statute of limitation under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The district court in this case correctly outlined the controlling standards for assessing the timeliness of a federal habeas petition. As the district court noted, the limitation period for a habeas corpus action is ordinarily one year. Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). For convictions prior to the 1996 effective date of the AEPDA, the petitioner must commence an action within one year of the effective date. United States v. Simmonds, 11 F.3d 737, 746 (10th Cir. 1997) (overruled on other grounds). The one-year limitation period is, however, tolled by "[t]he time during which a properly filed application for State post conviction relief . . . is pending." Id. § 2244(d)(2). Finally, the limitation period may also, in rare circumstances, "be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh, 223 F.3d at 1220.

The district court determined that: (1) Sexton's conviction became final

prior to the 1996 effective date of the AEDPA, so that the one-year limitation period for filing a federal habeas petition did not begin to run until the effective date of the statute; (2) Sexton's pending post-conviction action tolled the limitation period until the Kansas Court of Appeals denied his post-conviction action in 1998; (3) the one-year limitation period therefore expired in 1999; and (4) Sexton failed to state a sufficient basis for equitable tolling of the limitation period.

After reviewing the record on appeal, we fully agree with the district court that Sexton's federal habeas petition was untimely filed, and we conclude that no reasonable jurist could find it debatable whether the district court was correct in its procedural ruling. Sexton is, therefore, not entitled to a COA on his claims.

We DENY Sexton's request for a COA and DISMISS the matter.

Entered for the Court,

Mary Beck Briscoe
Circuit Judge

7